Mr. R. K. Procunier Director Texas Department of Corrections P. O. Box 99 Huntsville, Texas 77340
Re: Whether article 6184f, V.T.C.S., prohibits classification of an inmate as a trusty for the purpose of article 6181-1, V.T.C.S.
Dear Mr. Procunier:
You have asked whether article 6184f, V.T.C.S.,
 prohibits the Texas Department of Corrections from classifying an inmate returned due to revocation of his parole or mandatory supervision as `trusty' for the purpose of earning good conduct pursuant to article 6181-1, section 3(a)(3), V.T.C.S.
You note your agency's `strongly held opinion that it does not, but because of Texas Attorney General Opinion MW-382 (1981) you feel compelled to make this opinion request. The second question dealt with in MW-382 asked the following:
 Does the Texas Department of Corrections have the discretion to classify an inmate who is a parole violator or mandatory supervision returnee as a state approved trusty . . .?
The opinion based the answer to this question on article 6184f, V.T.C.S., which provides as follows:
 Whenever a convict violates his trust or his conduct is such that he makes himself objectionable to the citizens of the community in which he is located, and complaint is made to the Board of Prison Commissioners, or to any officer having charge of said convict by two or more good and reliable citizens, and it is found upon investigation by the Prison Commission that the complaint is well founded, such convict shall not thereafter be eligible to appointment as a trusty for twelve months. It shall be the duty of the Prison Commissioners to see that the warden and farm managers faithfully carry out the provisions of this Act. (Footnote omitted).
Relying on this provision, Attorney General Opinion MW-382
concluded that
 the Texas Board of Corrections does not have the discretion to classify an inmate who is a parole violator or mandatory supervision returnee as a state approved trusty until at least twelve months after the inmate's return to the Texas Department of Corrections.
On reconsideration of this question, we have determined that article 6184f, V.T.C.S., does not address violations of parole or mandatory supervision conditions.
Article 6184f was enacted in 1925 as section 6 of a bill entitled `An Act to regulate and more definitely prescribe the manner of handling trusties around the penitentiaries and penitentiary farms. . . .' Acts 1925, 39th Leg., ch. 19, § 6, at 46-7. The prohibition by that section 6, which has remained unchanged as article 6184f, of an inmate being classified as a trusty for twelve months after violating `his trust' by objectionable conduct obviously pertained to the inmate's behavior outside the prison while in a `trusty' status. It is apparent that the only purpose of article 6184f was to prevent the prison from allowing an inmate returned to the prison for misbehavior while outside the prison from being appointed a `trusty' with freedom to be unguarded outside the prison. The legislature did not want an inmate who was returned for objectionable conduct while in the community in a `trusty' status to be allowed back in the community as a `trusty' for at least one year. However, article 6184f does not have any bearing on an inmate's ability to earn good conduct time. Article 6184f should therefore be limited to the evil it was intended to remedy: prohibiting certain inmates from being allowed to be at large in the community for a certain period of time. We therefore cconclude that the answer to the second question in MW-382 was incorrect insofar as it purported to proscribe prospective classification of a parole or mandatory supervision returnee as a trusty.
We believe that article 6181-1, V.T.C.S., controls the provision of good conduct time to inmates. Section 2 of article 6181-1, V.T.C.S., requires the department to classify all inmates upon arrival and to reclassify them as warranted. Section 3(a) establishes the amount of good conduct time accrued by inmates in the following three classifications: Class I, Class II, and trusty. No good conduct time accrues while an inmate is a Class III inmate or is on parole or under mandatory supervision. V.T.C.S. art. 6181-1, § 3(b). Section 4 of article 6181-1, provides as follows:
 Upon revocation of parole or mandatory supervision, the inmate . . . upon return to the department may accrue new good conduct time for subsequent time served in the department. (Emphasis added).
Thus, the legislature has expressly provided that an inmate released on parole or mandatory supervision who has been thereafter returned to the Texas Department of Corrections accrue new good conduct time. The intention of the legislature as reflected in the whole statute, and especially section 4, is to make an inmate eligible to earn good conduct time credit even upon return to the Texas Department of Corrections from parole or mandatory supervision. The construction of article 6184f, V.T.C.S., set out in Attorney General Opinion MW-382 is inconsistent with this intent.
For the foregoing reasons we conclude that article 6184f has no bearing on the discretion of the Texas Department of Corrections to classify an inmate returned for violating his parole or mandatory supervision as a `trusty' for the purpose of receiving good conduct time credit under article 6181-1, section 3(a)(3). Hence, to the extent that Attorney General Opinion MW-382 holds otherwise, it is hereby overruled.
 SUMMARY
Article 6184f, V.T.C.S., does not prohibit the Texas Department of Corrections from classifying an inmate returned due to revocation of parole or mandatory supervision as a `trusty' for purposes of good conduct time under section 3(a)(3) of article 6181-1, V.T.C.S.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Colin J. Carl Susan L. Garrison